1  Jerry L. Steering, SBN 122509
   LAW OFFICE OF JERRY L. STEERING
2  4063 Birch Street
   Suite 100
3  Newport Beach, CA 92660
   Tel.:    (949) 474-1849
4  Fax:    (949) 474-1883
   e-mail: jerrysteering@yahoo.com
5
6  Attorney for plaintiffs David Parnell and Lee Marels

7                UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10  DAVID PARNELL and LEE MARELS, ) Case Number:  CV12-03712 PA (OPx)
                                   )
11                                 )
12      Plaintiff,                 ) [PROPOSED] PROTECTIVE ORDER
                                   ) FOR DISCLOSURE OF PEACE OFFICER
13      vs.                        ) PERSONNEL RECORDS
                                   )
14                                 )
    COUNTY OF RIVERSIDE, DAVID     ) UNITED STATES DISTRICT JUDGE
15  HORN, ROBERT THOMAS, ROBERT    ) PERCY ANDERSON
16  CORNETT and DOES 1 through 10, )
    inclusive,                     )
17                                 )
18      Defendants.                )
                                   )
19                                 )
                                   )
20  _____)
21

22       **HAVING CONSIDERED** the parties' Stipulation For Protective Order For
23
24  Disclosure Of Peace Officer Personnel Records, and good cause having been shown
25  therefor;
26
        **IT IS HEREBY ORDERED**:
27
28  **1. EVIDENCE PROTECTED BY THIS PROTECTIVE ORDER:**

                PROTECTIVE ORDER FOR DISCLOSURE OF PEACE OFFICER
                             PERSONNEL RECORDS
                                    1

That defendant County of Riverside and Riverside shall forthwith produce to plaintiffs' counsel, the peace officer personnel records shown below regarding the Riverside County Sheriff's Department's Internal Affairs Investigation of the June 10, 2011 incident complained of in this action. Riverside County Sheriff Stan Sniff may designate as "protected material" under this order, the following items produced in response to plaintiff's discovery demands:

> *Any and all witness statements, reports or other documents, obtained or generated pursuant to the Riverside County Sheriff's Department's Internal Affairs investigation of the June 10, 2011 incident complained of in this action.*

## 2. USE OF PROTECTED MATERIALS:

That materials and information designated as "protected material" under this Protective Order, shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, other than for and in the preparation, prosecution and trial and of this action, and any appeal regarding this matter; save an order from a court of competent jurisdiction, or otherwise being subject to disclosure for public policy reasons, such as to law enforcement agencies and criminal prosecutorial agencies, any authorized public disclosure of the contents of, or information describing or otherwise referencing the protected materials.

## 3. EMPLOYEES:

That the disclosure of the protected materials may be made to the Plaintiffs, Plaintiffs' counsel, and any associate counsel or other counsel engaged to assist in the

PROTECTIVE ORDER FOR DISCLOSURE OF PEACE OFFICER
PERSONNEL RECORDS

Law Offices of Jerry L. Steering

prosecution of this matter, employees and agents of Plaintiffs' counsel who are assisting in the preparation and trial of this action, or on any appeal regarding this action, as well as transcribers, certified shorthand reporters, expert witnesses and other persons needed to prepare this action for trial. Any such person to whom disclosure of the protected materials is made, shall be advised of, shall be subject to, and shall agree in advance of disclosure to, the provisions of the Protective Order, requiring that the material and information contained in the transcripts be held in confidence.

### 4. DISPUTES:

That the material or information claimed to be "protected material" pursuant to this Protective Order that is subject to a genuine good-faith dispute as to whether it is, in fact, "protected material" or other information shall, until further order of the Court, be treated as "protected material" in accordance with the provisions of this Protective Order. The Court retains jurisdiction to modify this Protective Order and to make further orders with respect to the control and use of the materials and information designated as confidential pursuant to this Protective Order.

### 5. CONTEMPT OF COURT:

That any willful violation of this Protective Order issuing may be punished as contempt of court. The above and foregoing is without prejudice to the right of any party to apply to a court of competent jurisdiction, either:

PROTECTIVE ORDER FOR DISCLOSURE OF PEACE OFFICER
PERSONNEL RECORDS

(a) to apply to the court for a further Protective Order relating to the protected material or related to discovery in this litigation; or

(b) to apply to the Court for an order modifying this Protective Order, or permitting the disclosure of material currently deemed to be "protected material" under this order.

## 6. **MARKING OF DOCUMENTS:**

That all documents produced subject to this document shall be marked "CONFIDENTIAL", and no copy of such documents shall be made which obscures or eliminates such marking.

## 7. **RETURN AND DESTRUCTION OF DOCUMENTS.**

At the conclusion of the litigation (defined as dismissal with prejudice, or final judgment) all documents produced subject to this Protective Order shall be returned to defense counsel for destruction. Plaintiff's counsel shall provide written confirmation that no copies of such documents, electronically stored or otherwise, remain in plaintiffs, that of their counsel, or any person to whom plaintiffs' counsel has furnished copies of such materials.

Dated: __2/27__ , 2013    _____

PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER FOR DISCLOSURE OF PEACE OFFICER
PERSONNEL RECORDS

4